UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMON T.,

                 Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

**DECISION AND ORDER**

6:22-CV-06007 CDH

## INTRODUCTION

Plaintiff Damon T. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for supplemental security income ("SSI"), pursuant to Title XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 8; Dkt. 10; Dkt. 11). For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's motion.

## BACKGROUND

On March 12, 2019, Plaintiff protectively filed an application for SSI. (Dkt. 7 at 14, 87).[1] His application was initially denied on November 19, 2019. (*Id.* at 14, 104-

---

[1]     In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

12). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id*. at 131), which was held on December 11, 2020 (*id*. at 48-79). On May 11, 2021, the ALJ issued an unfavorable decision. (*Id*. at 11-25). Plaintiff sought review from the Appeals Council, which denied his request on November 10, 2021. (*Id*. at 5-10). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I.    Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. § 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id*. § 416.920(a)(4)(ii).  An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. § 416.920(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(a)(4)(iii).  If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id*. § 416.909, the ALJ must determine

the claimant's residual functional capacity ("RFC"), *id*. § 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. § 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. § 416.920(a)(4)(v).

## II.  <u>Review by the Court</u>

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for disability benefits. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since February 18, 2018, the alleged onset date. (Dkt. 7 at 16). The ALJ found at step two that Plaintiff had the following severe impairments: "[f]acet arthrosis of the spine; degenerative joint disease of the knee; history of depression and substance use disorder[.]" (*Id*.).

The ALJ found at step three that even with his substance use, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id*. at 16-18). At step three, the ALJ particularly considered the requirements of Listings 1.02, 1.04, and 12.00. (*Id*.).

The ALJ assessed Plaintiff's RFC and determined based on all of the impairments, including Plaintiff's substance use, that Plaintiff retained the ability to perform the full range of light work as defined in 20 C.F.R. § 416.967(b) except that Plaintiff "is limited to training of a month or less; and would [be] off-task 10% of the workday." (*Id*. at 18). The ALJ then proceeded to step four and found that Plaintiff

- 4 -

had no past relevant work. (*Id.* at 22). The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 37-38).

Consistent with 20 C.F.R. § 416.935, the ALJ proceeded to determine whether Plaintiff's substance use disorder was a contributing factor material to the determination of disability. The ALJ concluded that if Plaintiff stopped the substance use, he would not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id.* at 23). The ALJ then found that if Plaintiff stopped the substance use, he would have the RFC to perform the full range of light work as defined in 20 C.F.R. § 416.967(b) except that he would be limited to training of a month or less. (*Id.* at 24).

The ALJ next found that if the ALJ stopped the substance use—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 24-25). The ALJ ultimately concluded that Plaintiff had not been disabled, as defined in the Act, at any time from the alleged onset date through the date of the ALJ's decision.  (*Id.* at 37-38).

## II.    The Commissioner's Final Determination is Supported by Substantial Evidence and Does Not Contain a Reversible Error

Plaintiff argues that the ALJ committed reversible error because he found the opinion of consultative examiner Dr. Harbinder Toor persuasive but failed to incorporate all of the moderate limitations identified by Dr. Toor into his RFC finding.

(Dkt. 8-1 at 1). For the reasons that follow, the Court disagrees that the ALJ erred in his consideration of Dr. Toor's opinion. The Court further finds that any purported error was harmless and accordingly does not warrant reversal of the Commissioner's final determination.

It is the ALJ's duty to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). "In arriving at the RFC, the ALJ's reasoning must always be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Jennifer S. v. Comm'r of Soc. Sec.*, 771 F. Supp. 3d 256, 266 (W.D.N.Y. 2025) (quotation and citation omitted).

Dr. Toor examined Plaintiff twice in connection with his application—once on November 7, 2019, and once on February 11, 2020. (Dkt. 7 at 369-72, 382-85). In November 2019, Dr. Toor opined that Plaintiff had moderate limitations in standing, walking, sitting, squatting, pushing, pulling, lifting, reaching with the right arm, and doing fine motor activity with the right hand. (*Id.* at 371). In February 2020, Dr. Toor opined that Plaintiff had moderate limitations in standing, walking, sitting, bending, lifting, carrying, squatting, pushing, pulling, and reaching, and a mild to moderate limitation doing fine motor activity with the right hand. (*Id.* at 384-85).

The ALJ stated that he found Dr. Toor's opinions persuasive because they were consistent with the medical evidence of record. (*Id.* at 7). Plaintiff argues that this finding obliged the ALJ to include a specific limitation on reaching in the RFC determination. (Dkt. 8-1 at 11-12). But courts in this Circuit have repeatedly

concluded that a moderate limitation in reaching is not inconsistent with light work. *See, e.g., Bethany A. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1267 (WBC), 2022 WL 170405, at *4 (W.D.N.Y. Jan. 18, 2022) ("up to moderate limitations in reaching and other postural limitations . . . are generally considered consistent with an RFC limiting a plaintiff to light work") (collecting cases); *Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) ("[T]here is no error simply because the ALJ failed to incorporate the moderate limitation by name, provided that the RFC appropriately reflects that limitation. . . . Indeed, moderate limitations . . . are frequently found to be consistent with an RFC for a full range of light work.") (finding consultative examiner's opinion that the plaintiff had moderate limitations in repetitive heavy lifting, bending, reaching, pushing, pulling, or carrying consistent with RFC for light work). Plaintiff's contention that the ALJ rejected the moderate limitations identified by Dr. Toor does not accurately reflect the record or the applicable case law.

Further, even assuming for the sake of argument that the ALJ did fail to address the moderate limitation in reaching identified by Dr. Toor, "failure to address a specific limitation may be harmless if discussion of the limitation would not have changed the outcome of the case." *Andrew B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1591 (WBC), 2022 WL 1423257, at *4 (W.D.N.Y. May 5, 2022); *see Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Remand is unnecessary . . . where application of the correct legal standard could lead to only one conclusion.") (quotation and alteration omitted). In this case, a vocational expert testified that an individual with Plaintiff's vocational characteristics who was limited to light work and who could only

- 7 -

occasionally finger and handle with the right dominant hand would be capable of performing work available in significant numbers in the national economy, including the representative occupations of school bus monitor, fruit distributor, and counter clerk. (Dkt. 7 at 70-71). Those representative occupations do not require more than occasional reaching. *See* Dictionary of Occupational Titles ("DOT"), 1991 WL 673102, § 372.667-042 (School Bus Monitor); DOT, 1991 WL 688088, § 921.685-046 (Fruit Distributor); DOT, 1991 WL 672323, § 249.366-010 (Counter Clerk). Accordingly, even had the ALJ included the additional limitations urged by Plaintiff in his RFC finding, it would not have changed the outcome of this case. Under these circumstances, there is no basis for the Court to disturb the Commissioner's determination.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 10) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 8) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:       September 29, 2025
             Rochester, New York